IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONALD R. YOUNG and
SANDRA KAY YOUNG,

               Plaintiffs,

v.                                    CIVIL ACTION NO.  2:02-0070

EMPLOYER-TEAMSTERS LOCAL NOS.
175-505 PENSION TRUST FUND, et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are cross-motions for summary judgment filed by each party in this case [Docket 67, 69 and 71], as well as a motion to strike certain evidentiary materials that was filed by the plaintiffs [Docket 73].  For the following reasons, the defendant Employer-Teamsters Local Nos. 175-505 Pension Trust Fund's motion for summary judgment [Docket 69] is **DENIED**.  For cause shown, the defendant American Benefits Corporation's motion for summary judgment [Docket 71] is **GRANTED** and American Benefits Corporation is hereby **DISMISSED** as a party from this action.  The plaintiffs' motion for summary judgment [Docket 67] is **GRANTED in part** and this case is hereby **REMANDED** to the plan administrator for further proceedings in accordance with this opinion.  The plaintiffs' motion to strike [Docket 73] is **DENIED as moot**.

    **I.  Background**

Plaintiffs Donald R. Young and Sandra K. Young are husband and wife.  Mr. Young is a retired participant of Defendant Employer-Teamsters Local Nos. 175-505 Pension Trust Fund (WV

Fund). Mrs. Young is a beneficiary entitled to survivor's benefits from the WV Fund. The WV Fund is a jointly administered, multi-employer employee benefit plan established to provide retirement income to employees. The defendant Board of Trustees (plan administrator) is the administrator of the WV Fund. Finally, the defendant American Benefits Corporation (ABC) provides actuarial and consultant services to the WV Fund.

Mr. Young retired in 1996. During the 30 years prior to his retirement, he accrued 22.3 years of credited service with the Fund and an additional 8 years with the Central Pennsylvania Teamsters Pension Fund (PA Fund). Specifically, Mr. Young participated in the WV Fund from 1961 until 1988, when he changed employers and became a participant in the PA Fund. Both of the Funds involved, along with various other Teamster Pension Funds, entered into a National Reciprocal Agreement in 1965. The National Reciprocal Agreement provides that its signatories agree to offer reciprocal benefits to persons who have participated in multiple funds.

In 1996, the plan administrators approved and began to pay retirement benefits to Mr. Young for 22.25 years of accrued service. This calculation did not include the 8 years that Mr. Young spent working in Pennsylvania. In 1998, Mr. Young requested a "claim review" by the WV Fund to appeal the denial of reciprocity. The Trustees denied the appeal on the ostensible basis that the PA Fund Plan to which Mr. Young had contributed was not the same as the Fund that was a signatory to the National Reciprocal Agreement. The plaintiffs filed suit and, in an Order dated February 27, 2003, The Honorable Elizabeth V. Hallanan found that the defendants had failed to comply with ERISA's procedural requirements as a matter of law. Specifically, Judge Hallanan found that the plaintiff had never received a written decision of the denial of his claim for benefits that set forth

the specific reasons for such denial. She remanded the case to the plan administrator for a full and fair review.

Upon remand, the claim was again denied. The defendants argued that the WV Fund is not permitted to reciprocate with other funds that do not offer equivalent benefits. In 1965, when the National Reciprocal Agreement was signed, both the WV Fund and the PA Fund operated "Defined Pension Plans." According to the defendants, in 1988 the PA Fund changed in part and began to offer a "Defined Contribution Plan" in which Mr. Young participated. At the time Mr. Young retired, Section 13.01(e) of the WV Fund Plan did not recognize reciprocity "unless the related plan has at least the equivalent benefit for which the participant is seeking eligibility." The defendants argued that the Defined Pension Plan offered by the WV Fund and the Defined Contribution Plan offered by the PA Fund are inherently different. Accordingly, they believe they have correctly denied Mr. Young's request for reciprocity, because the plan benefits at issue are not "equivalent."

The case has been reopened and is again ripe for review. The plaintiffs currently argue that the decision by the plan administrators to deny reciprocal benefits was an abuse of discretion. Specifically, the plaintiffs claim that the plan administrators erred by relying on an inapplicable plan provision. The plan defended Mr. Young's claim on the grounds that Mr. Young was seeking, but was not entitled to, reciprocal benefits under the plan's "30-and-out" provisions. Mr. Young, however, contends that he is receiving a "normal" pension, not a 30-and-out pension, and is only seeking a reciprocal enhancement of the normal pension benefits that he currently receives.

### II. Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ.*

*P.* 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

A court reviewing the denial of pension benefits under the provisions of ERISA applies a *de novo* standard of review unless the plan language confers discretionary authority on the plan administrators to review benefit applications and determine eligibility. In prior proceedings in this case, Judge Hallanan determined that the plan at bar does convey that authority to the plan administrators. *Memorandum Opinion and Order* (February 27, 2003). Accordingly, Judge Hallanan determined that abuse of discretion was the appropriate standard of review, and the parties do not dispute that issue in their current motions. I will therefore examine the instant denial of benefits for an abuse of discretion.

**III. Analysis**

ERISA provides a number of procedural steps that must be followed when an application for pension benefits is denied, and requires the plan administrators to disclose certain information to the participant or beneficiary. Specifically, the plan administrators must provide written notice of the specific reason for the denial of benefits and cite the specific plan provision on which the denial is based. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1 (2005). The plan must also provide the claimant with an opportunity for review and appeal of the denial. *Id.*

In her *Memorandum Opinion and Order* dated February 27, 2003, Judge Hallanan ordered that this case be remanded because the plan administrators had utterly failed to provide Mr. Young with the required written notice of the reason for his denial of benefits. Upon remand, the plan administrators again denied the claim. In support of the denial of benefits, the plan administrators cited Section 13.01(e) of the Plan Document and stated that this provision "has been consistently interpreted by the Trustees to not permit reciprocity with a defined contribution plan." *Plaintiff's Exhibit 6*.

I review this decision for abuse of discretion. At oral argument in this case, it appeared that the plan administrators had relied on an inapplicable plan provision to deny Mr. Young's claim. Specifically, the plaintiffs argued that Section 13.01(e) of the Plan Document only applied to "30-and-out" and "25-and-out" retirement benefits, while Mr. Young was seeking enhanced reciprocal benefits under his "normal" pension plan, each of which represents a completely different type of pension. In effect, the plaintiffs claimed to be seeking a re-calculation of Mr. Young's normal pension, while the plan's defense was based upon the assumption that the plaintiffs were seeking a "30-and-out" benefit. Arbitrary reliance on an irrelevant section of the plan document as a justification for a denial of benefits would, ordinarily, constitute a clear abuse of discretion.

In this case, however, it appears that the plaintiffs bear significant responsibility for the confusion during the remand proceedings. Counsel for the defendant stated at oral argument that the plaintiffs had in fact been seeking "30-and-out" benefits throughout the course of these proceedings, and had not raised the issue of the "normal" pension until Mr. Young's post-remand *appeal* after his second benefit application had already been denied. A review of the record in this case strongly supports this account. Before this case was remanded, the plaintiffs consistently stated that "Mr. Young seeks a partial pension consisting of the pro rata share of the Local 175 Fund's *30 and out* benefit." *Plaintiff's Memos. of November 1 and November 15, 2002* [Docket 29 and 32] (emphasis added). In contrast, the plaintiffs' current memorandum in support of their motion for summary judgment states that "Mr. Young does not need/seek reciprocation for a 30-and-Out or a 25-and-Out pension." [Docket 65]. Accordingly, the plaintiffs cannot now claim that the plan administrators abused their discretion by defending the claim based on an inapplicable plan provision when the plaintiffs' own filings with the court reveal that the plaintiffs have only recently shifted from seeking "30-and-out" benefits to seeking reciprocal "normal" benefits.

Nevertheless, I cannot say with confidence that Mr. Young has received the "full and fair" hearing to which he is entitled under ERISA. Specifically, the plan administrators have not yet addressed Mr. Young's claim that he is entitled to receive enhanced normal benefits under the Plan's reciprocal provisions. The record is devoid of any findings on that issue. Accordingly, the appropriate remedy is to remand the case to the plan administrators for further proceedings and an initial determination of eligibility. *See Weaver v. Phoenix Home Life Mut. Ins. Co.*, 990 F.2d 154, 159 (4th Cir. 1993) ("Normally, where the plan administrator has failed to comply with ERISA's procedural guidelines and the plaintiff/participant has preserved his objection to the plan

administrator's noncompliance, the proper course of action for the court is remand to the plan administrator for a 'full and fair review.'" (citations omitted)); *Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 n.4 (4th Cir. 1985) ("The question of eligibility must be 'resolved by the plan in the first instance, not the court.'" (quoting *Grossmuller v. Int'l Union, UAW Local 813*, 715 F.2d 853, 859 (3rd Cir. 1983)).

I urge both parties to work carefully during this second remand to remedy the defects and confusion that have plagued this action thus far. In particular, Mr. Young needs to clearly articulate <u>all</u> of the grounds upon which he seeks benefits. Similarly, the plan administrators must thoroughly consider <u>all</u> of Mr. Young's arguments in support of his claim and provide him with the required "full and fair review," as well as all other procedural requirements under ERISA. I expect all administrative proceedings to begin promptly after the issuance of this order.

The defendant Employer-Teamsters Local Nos. 175-505 Pension Trust Fund's motion for summary judgment [Docket 69] is **DENIED**. For cause shown, the defendant American Benefits Corporation's motion for summary judgment [Docket 71] is **GRANTED** and American Benefits Corporation is hereby **DISMISSED** as a party from this action. The plaintiffs' motion for summary judgment [Docket 67] is **GRANTED in part** and this case is hereby **REMANDED** to the plan administrator for further proceedings in accordance with this opinion. The plaintiffs' motion to strike [Docket 73] is **DENIED as moot**. The court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER: May 27, 2005

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE