IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DONALD R. YOUNG and
SANDRA KAY YOUNG,

            Plaintiffs,

v.                                           CIVIL ACTION NO.  2:02-cv-0070

EMPLOYER-TEAMSTERS LOCAL NOS.
175-505 PENSION TRUST FUND, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are cross-motions for summary judgment filed by the defendants [Docket 110] and the plaintiffs [Docket 115].  For the following reasons the defendants' motion for summary judgment is **GRANTED** and the plaintiffs' motion for summary judgment is **DENIED**.

**I.    Background**

Plaintiffs Donald R. Young and Sandra K. Young are husband and wife.  Mr. Young is a retired participant of Defendant Employer-Teamsters Local Nos. 175-505 Pension Trust Fund (WV Fund).  Mrs. Young is a beneficiary entitled to survivor's benefits from the WV Fund.  The WV Fund is a jointly administered, multi-employer employee benefit plan established to provide retirement income to employees.  The defendant Board of Trustees ("Board") is the administrator of the WV Fund.

Mr. Young retired in 1996. During the thirty years prior to his retirement, he accrued 22.3 years of credited service with the Fund and an additional eight years with the Central Pennsylvania Teamsters Pension Fund (PA Fund). Mr. Young participated in the WV Fund from 1961 until 1988, when he changed employers and became a participant in the PA Fund. Both of the Funds involved, along with various other Teamster Pension Funds, signed a National Reciprocal Agreement in 1965. The National Reciprocal Agreement provides that its signatories will offer reciprocal benefits to persons who have participated in multiple funds.

In 1996, the plan administrators approved and began to pay retirement benefits to Mr. Young for 22.25 years of accrued service. This calculation did not include the eight years that Mr. Young spent working in Pennsylvania. In 1998, Mr. Young requested a "claim review" by the WV Fund to appeal the denial of reciprocity. The Trustees denied the appeal on the ostensible basis that the PA Fund Plan to which Mr. Young had contributed was not the same as the Fund that was a signatory to the National Reciprocal Agreement. The plaintiffs filed suit and, in an Order dated February 27, 2003, The Honorable Elizabeth V. Hallanan found that the defendants failed to comply with ERISA's procedural requirements as a matter of law. Specifically, Judge Hallanan found that the plaintiff never received a written decision of the denial of his claim for benefits that set forth the specific reasons for such denial. She remanded the case to the plan administrator for a full and fair review.

Upon remand, the claim was again denied. The defendants argued that the WV Fund is not permitted to reciprocate with other funds that do not offer equivalent benefits. In 1965, when the National Reciprocal Agreement was signed, both the WV Fund and the PA Fund operated "Defined Benefit Plans." According to the defendants, in 1988 the PA Fund changed in part and began to

offer a "Defined Contribution Plan" in which Mr. Young participated. At the time Mr. Young retired, Section 13.01(e) of the WV Fund Plan did not recognize reciprocity "unless the related plan has *at least the equivalent benefit* for which the participant is seeking eligibility." (emphasis added). The defendants argued that the Defined Benefit Plan offered by the WV Fund and the Defined Contribution Plan offered by the PA Fund are inherently different. Accordingly, they believe they have correctly denied Mr. Young's request for reciprocity, because the plan benefits at issue are not "equivalent."

On December 19, 2003, plaintiffs made a motion to reinstate the case, and that motion was granted by Judge Hallanan on March 3, 2004. After the case was reopened, the plaintiffs argued that the decision by the plan administrators to deny reciprocal benefits was an abuse of discretion. The plaintiffs claimed that the plan administrators erred by relying on an inapplicable plan provision. The plan found that Mr. Young was seeking, but was not entitled to, reciprocal benefits under the plan's "30-and-out" provisions. Mr. Young, however, argued that he was receiving a "normal" pension, not a 30-and-out pension, and was only seeking a reciprocal enhancement of the normal pension benefits that he currently receives.

In a memorandum opinion issued on May 27, 2005, this court denied the Employer-Teamsters Local Nos. 175-505 Pension Trust Fund's motion for summary judgment. The court also granted defendant American Benefits Corporation's motion for summary judgment and dismissed it as a defendant in this action. Finally, this court granted in part plaintiff's motion for summary judgment and once again remanded the case to the plan administrator for a full and fair hearing of all the grounds upon which Mr. Young sought relief.

Upon being remanded a second time, all of Mr. Young's claims were again denied by the plan administrator. The claim was reviewed by the full Board of Trustees. The Board denied the claim on August 18, 2005. The plaintiffs were informed of the decision and the reasons for it in a letter from defendants' counsel dated August 25, 2005. The letter detailed the Board's findings on the three claims Mr. Young put forward for relief. The Board considered his claim for (1) a Partial 30-and-out Pension; (2) a Partial 30-and-out Pension based on a retirement date of August 15, 1997; and (3) a Partial Normal Retirement Benefit.

On his first claim for a partial 30-and-out pension the Board found that Mr. Young was not entitled to a 30-and-out pension because the PA Plan did not offer an equivalent benefit. The Board found that Section 13.01(e) was not invalid, and that even if it were invalid Mr. Young's claim would still fail, as he does not meet the reciprocity requirements of the National Reciprocal Agreement as detailed in Section 5. Specifically, the Board found he did not meet the requirements of subsections (c) or (d).

The Board also denied his second claim for a partial 30-and-out pension based on a retirement date of August 15, 1997. The Board stated that it cannot allow a person to change his selected retirement date, simply because a plan was amended after that date. The plaintiffs have accepted the Board's decision, and do not make this claim in their motion for summary judgment.

The Board also rejected Mr. Young's third claim for a partial normal benefit under Section 3.01(a). The Board stated that Mr. Young needed to show he could have obtained the equivalent benefit from the PA Plan or that he met the requirements detailed in Section 5 of the NRA. The Board found he failed to meet these conditions and therefore denied his third claim for benefits.

Following this decision, the plaintiffs moved to reinstate the case on September 30, 2005. This court granted the motion to reinstate the case on October 18, 2005. On April 17, 2006, the defendants filed their motion for summary judgment. On April 21, 2006, the plaintiffs filed their motion for summary judgment. These motions are currently pending before the court.

## II.     Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

A court reviewing the denial of pension benefits under the provisions of ERISA applies a *de novo* standard of review unless the plan language confers discretionary authority on the plan

administrators to review benefit applications and determine eligibility. In prior proceedings in this case, Judge Hallanan determined that the plan at bar does convey that authority to the plan administrators. *Memorandum Opinion and Order* (February 27, 2003). Accordingly, Judge Hallanan determined that abuse of discretion was the appropriate standard of review, and the parties did not dispute that issue in their previous motions and do not dispute that issue in their current motions. I will therefore examine the instant denial of benefits for an abuse of discretion.

### III.    Analysis

#### A.   Abuse of Discretion standard

When a "plan by its terms confers discretion on a fiduciary and the fiduciary acts within the scope of conferred discretion, we defer to the fiduciary in accordance with well-settled principles of trust law: 'where discretion is conferred upon the trustee with respect to the exercise of a power its exercise is not subject to control by the court except to prevent an abuse by the trustee of his discretion.' Thus, a trustee's discretionary decision will not be disturbed if reasonable, even if the court itself would have reached a different conclusion." *Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 341 (4th Cir. 2000). In determining whether a fiduciary's exercise of discretion is reasonable, numerous factors have been identified as relevant. *Id*. at 342. The factors that a court may consider include but are not limited to: (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was inconsistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decision making process was reasoned and principled; (6) whether the decision was consistent with the

procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motive and any conflict of interest it may have. *Id*. at 342-43.

Mr. Young contests the findings of the Board on two of the grounds of relief that he raised. I will address the Board's decision on each of these grounds in turn. First, Mr. Young's claim that he deserved a 30-and-out benefit, or second, a partial normal benefit calculated based on his thirty years of service. Mr. Young also sought a 30-and-out benefit, based on a later retirement date. Mr. Young accepts the Board's ruling on this third ground for relief, and does not appeal the Board's decision on this ground.

### B. Partial 30-and-Out Pension

The Board denied Mr. Young's claim for a partial 30-and-out pension. I review this decision under the abuse of discretion standard outlined above. The Board found that the PA Plan did not offer at least an equivalent benefit because the PA Plan does not provide an enhanced benefit for longevity of service. It further found that this section requiring at least an equivalent benefit to be valid. Additionally, the Board stated that even if this section were invalid, Mr. Young still fails to meet the requirements of the NRA.

I apply the relevant *Booth* factors listed above to determine whether this decision constituted an abuse of discretion. The factor most contested by the parties is the reciprocity language of the WV Fund. Mr. Young argues that the Board has read out the *at least* language and focused exclusively on the word *equivalent*. Mr. Young also asserts that equivalency should be evaluated based on the monetary amount provided by the plans, not by the way in which the plans function. The reading by the Board is consistent with its prior interpretations of the plan language. The Board points to three other cases in which the provision has been interpreted and applied in the same

-7-

manner. Additionally, the Board cites evidence that the WV Fund has consistently refused to reciprocate with Defined Contribution plans, such as the PA Plan. Although I may not agree with the Board's ruling, it is the result of a reasoned and deliberate process, and I cannot find that its conclusion was an abuse of discretion.

### C. Partial Normal Pension Under Section 3.01(a)

The Board also denied Mr. Young's claim for a partial normal pension calculated based on thirty years of service. The Board found that Mr. Young has received all the benefits he is entitled to under the normal retirement benefit plan. There is no increase in benefits due him because of service he accumulated in another fund. Because Mr. Young has sufficient credit with the WV Fund to receive a normal pension, he does not need the related years, and the WV Fund does not use them to calculate his pension amount. Again applying the relevant *Booth* factors, I cannot find that this decision was an abuse of discretion by the Board. The decision is consistent with other decisions by the Board. It is well-reasoned and the result of a deliberate process.

### III. Conclusion

I cannot find that the Board abused its discretion in denying plaintiffs' claims for benefits. Therefore, I must **DENY** plaintiffs' motion for summary judgment, and **GRANT** the defendants' motion for summary judgment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 26, 2007

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE